UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                              Criminal No. 07-20156

vs.                                        HON. AVERN COHN

ELFAT EL AOUAR,

      Defendant.
_____/

## DEFENDANT ELFAT EL AOUAR'S SENTENCING MEMORANDUM

NOW COMES Defendant Elfat (Sophie) El Aouar, by and through her attorney, James C. Thomas, of Counsel, Plunkett & Cooney, P.C., and files the following Sentencing Memorandum setting forth all factors that the Court should consider in determining the type and length of sentence for Sophie. In the present case, Ms. El Aouar submits that a concurrent sentence with her current undischarged term of imprisonment would satisfy the requirements of 18 U.S.C. § 3584, *United States v. Booker,* 543 U.S. 220 (2005), *United States v. Gall*, 128 S. Ct. 586 (2007), and the directives set forth in 18 USC § 3553(a). In the Rule 11 Agreement, the government stated that it "will not oppose defendant's request that her sentence be imposed to run concurrently with her undischarged term of imprisonment." Rule 11 Agreement at page 4. There is no mandatory minimum for this charge.

    I.      INTRODUCTION

Ms. El Aouar was charged in the Third Superseding Information of one count of Conspiracy, a violation of 18 U.S.C. § 371, and one count of Naturalization Fraud, a violation of 18 U.S.C. § 1425. On November 11, 2007, she entered into a Rule 11 Plea Agreement with a guideline range of 8 to 14 months. She pled guilty to Count One and Two, for which the maximum penalty is 10 years imprisonment and a $250,000 fine, and requires the Court to de-naturalize the defendant pursuant to 8 U.S.C. § 1451(e).

On May 18, 2006, Ms. El Aouar was charged in an Indictment with four counts of Income Tax Evasion, in violation of 26 USC § 7201. On December 12, 2006, she entered into a Rule 11 Plea Agreement with a guideline range of 30 to 37 months. She pled guilty before the Honorable John Corbett O'Meara to Count Four of the Indictment, which charges Income Tax Evasion; Aiding and Abetting and for which the maximum penalty is five years imprisonment and a $250,000 fine. (Hereinafter referred to as the O'Meara Sentence). She was sentenced to 18 months in prison. She voluntarily availed herself to federal custody on August 22, 2007.

In the present matter, Ms. El Aouar asks this Honorable Court for a variance from the guidelines range of 8 to 14 months to a sentence of probation or at the least to a sentence concurrent to her current term of imprisonment, but not extending beyond the time she has left to serve on the O'Meara Sentence. As a single mother of three young children who are under the age of 6, such a sentence satisfies the purposes reflected in 18 USC § 3553(a).

    II.    THIS COURT SHOULD IMPOSE A CONCURRENT SENTENCE BELOW THE GUIDELINE RANGE PURSUANT TO 18 U.S.C. §3584(a)

Under 18 U.S.C. § 3584, Congress provided that defendants may be sentenced to concurrent terms of imprisonment. Specifically, the statute states that:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt.

18 U.S.C. § 3584(a). Multiple sentences of imprisonment "ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c).

The sentencing guidelines also recognize the imposition of a concurrent sentence. Specifically, U.S.S.G. § 5G1.3(c) states:

> In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

In the present matter, Ms. El Aouar meets both the statutory and guidelines requirements. She was sentenced to 18 months imprisonment. She has served approximately 6 months of that term, leaving 12 months remaining to fulfill a "reasonable punishment for the instant offense." *Id.* Therefore, this Court should apply a sentence concurrent with her present imprisonment.[1]

1. A Concurrent Sentence Will Meet All of the Factors Set Forth in 18 U.S.C. § 3553(a)

---

[1] Ms. El-Aouar's early release date from custody on the O'Meara Sentence was estimated to be June 11/2008. It has since that time varied from September 11, 2008 to December 11, 2008, according to Bureau of Prison records.

Under 18 U.S.C. § 3584, the Court "shall Consider the Factors Set Forth in 18 U.S.C. § 3553(a)." In determining the length of a sentence, the court must consider the following 3553(a) factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment.
> (3) the kinds of sentence available;
> (4) the kinds of sentence and the sentencing range;
> (5) any pertinent policy statement;
> (6) the need to avoid unwarranted sentencing disparities among defendants;
> (7) the need to provide restitution to any victims of the offense.

Prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), sentencing was based on the mandatory sentencing guidelines. The Supreme Court has again recently discussed post-Booker sentencing and sentences.

In *Gall v. United States*, 128 S.Ct. 586 (2007), the Supreme Court reviewed an Eighth Circuit decision that held that an "extraordinary" variance from the guideline range of 30 months to a sentence of probation required "extraordinary" circumstances. The Supreme Court reversed by a 7-2 majority. In its holding, the *Gall* Court recognized the district court's "superior position," "greater familiarity with," and "institutional advantage" in deciding matters regarding sentencing individual defendants. The Court also rejected any notion that a sentence outside of the guidelines range is presumed to be unreasonable. In effect, the Court rejected rules requiring a strict scheme of

4

"proportional review," through techniques such as requiring "extraordinary circumstances" to justify a sentence outside the guideline range or mathematical formulas using percentage of departure as a standard. A district court must impose "a sentence sufficient, <u>but not greater than necessary</u> to comply with" the purposes of 18 USC § 3553(a)(2), which are "retribution, deterrence, incapacitation and rehabilitation." *United States v. Denardi,* 892 F.2d 269, 276 (3rd Cir. 1989); *United States v. Cage*, 458 f3d 551, 540 (6th Cir. 2006). (Emphasis added).

Post-*Booker,* sentencing courts have been directed to consider the various sentencing factors of 18 USC § 3553(a) rather than adhering to the advisory Guidelines. Any kind of "blanket rule that all downward variances that result in probation are unreasonable if the Sentencing Guidelines call for imprisonment" is directly contrary to the Supreme Court's decision in *Booker* and *Gall*. *United States v. Wadena*, 470 F.3d 735 (8th Cir. 2006).

   A. <u>Application of the 18 U.S.C. § 3553(a) Factors to the Instant Matter</u>

Sophie El Aouar's personal circumstances and history make her an exceptional candidate leniency. The circumstances in this case illustrate that her children will face infliction of incredible hardship by the continued imprisonment of their mother. Sophie adhered to all of the terms of her house arrest and voluntarily availed herself to the Bureau of Prisons for her imprisonment.

Sophie has three small children, one of whom is a two-year old infant. Her children, Aya, Noor and Abraham, yearn for a normal life after having experienced so

5

much turmoil in their family in such a short amount of time. The children are currently suffering from the separation anxiety from their father. The anxiety is being exhibited in various forms. Aya, five years old, is not talking to other children or her teachers at school. Noor, a three year old child, is extremely close to her mother and resists leaving Sophie's side, preferring not to visit friends and socialize after school. Abraham, Ms. El Aoaur's two year old son, who one would think is unable to comprehend what is happening, not has become very clinging and craves his mother's presence at all times. The loss of both his father, who is a fugitive, and his mother, by incarceration, will certainly have an impact on his and his sibling's development. Throughout the period of the defendant's home confinement, the children had an inordinate number of visits to the doctor. Counsel suggests that these as well may in part be due to family stressors.

A concurrent sentence for a time not to exceed the time left for Ms. El Aouar to serve, will adequately address the need for retribution, deterrence, incapacitation and rehabilitation pursuant to 18 USC § 3553(a)(2). Additionally, there is no concern for unwarranted sentencing disparities or any restitution to victims as there is not identifiable victim in this offense.

### B. CONCLUSION

It is requested that this Honorable Court craft a sentence that is concurrent with her current undischarged imprisonment, but does not extend beyond the time she has remaining to serve. Such a sentence consistent with 18 U.S.C. § 3584, *Gall*, *Booker* and its progeny cases and provide the defendant with the relief requested.

                                                       By:  /s/ James C. Thomas  
                                                       James C. Thomas (P23801)  
                                                       Plunkett Cooney  
                                                       Attorney for Defendant  
                                                       2632 Buhl Building  
                                                       535 Griswold Street  
                                                       Detroit, MI 48226  
                                                       313-963-2420  
                                                       jthomas@plunkett cooney.com

Dated:  February 25, 2008

## CERTIFICATE OF SERVICE

  I hereby certify that on February 25, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

            /s/ James C. Thomas
           James C. Thomas